## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Respondent,

v.                                            No. 2:13-cr-2424-RB

AGUSTIN ABASCAL,

        Defendant-Movant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Mr. Abascal's Motion for Assignment of Counsel Under 18 U.S.C. 3006(A) for Assistance in Filing for Compassionate Release Based on Extraordinary and Compelling Grounds, as Allowed Under 18 U.S.C. §3582(c) and the First Step Act of 2018. (Doc. 50.) Mr. Abascal asks the Court to grant him a "compassionate release" from his prison sentence due to the risk of the COVID-19 pandemic. (*See id.*) Having carefully reviewed the record and applicable law, the Court will deny the motion.

**I.  Background**

On July 15, 2013, Mr. Abascal pled guilty to an Information charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Distribution of 50 Grams and More of Methamphetamine and 18 U.S.C. § 2: aiding and abetting. (Docs. 29; 32; 45.) The Court sentenced Mr. Abascal to 120 months on February 11, 2014. (Doc. 45.)

Mr. Abascal filed the motion before the Court on June 15, 2020, and asks the Court to appoint an attorney to assist him in filing a motion for compassionate release due to the COVID-19 pandemic. (*See* Doc. 50.) He asserts that "extraordinary and compelling" circumstances exist to grant him compassionate release because he "has served over 71% of his sentence"; "has

maintained an exemplary prison record"; "has paid his . . . fines and assessments in full"; "has completed all programming required of him by his Unit Team"; and should be released "[d]ue to the high risk of COVID-19 and the shortness of his sentence . . . ." (*Id.* at 2.)

## II.     Discussion

Mr. Abascal asks the Court to request counsel in this proceeding. (*Id.* at 5.) The Court will deny his request. "First, 'no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c).'" *United States v. Little*, CR No. 14-195 KG, 2020 WL 2736944, at *1 (denying request to appoint counsel in a motion for compassionate release due to the COVID-19 pandemic) (quoting *Untied States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)). Second, to the extent that Mr. Abascal moves for compassionate release, his motion does not present a colorable entitlement to such relief. *See id.*

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Abascal asserts that he has exhausted his administrative remedies, and the Court accepts that as true for purposes of this Opinion. (*See* Docs. 50 at 3; 50-1.)

Mr. Abascal seeks compassionate release pursuant to Section 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines §

1B1.13 provide that "extraordinary and compelling reasons exist" where the defendant has certain medical conditions, where the defendant is at least 65 years old and meets other qualifying circumstances, where the defendant has qualifying family circumstances, or for "other reasons." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. §§ (1)(A)–(D). Though he does not specify what section he brings his motion under, the Court finds it fits best under § (1)(D), other reasons.

The "extraordinary and compelling" circumstances Mr. Abascal lists in support of compassionate release include that he has served over 71% of his 120-month sentence, that he has an exemplary prison record and has completed all required programming and paid all fines and assessments, and that there is a "high risk" of COVID-19 at his facility. (Doc. 50 at 2.) These circumstances are not "extraordinary or compelling" sufficient to justify compassionate release. "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Little*, 2020 WL 2736944, at *2 (quoting *United States v. Raia*, 954 F.3d 594, 598 93d Cir. 2000)) (citing *United States v. Nwankwo*, 2020 WL 2490044, at *1–2 (S.D.N.Y. May 14, 2020) ("collecting cases for the proposition 'that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional [risk] factors'")).

Mr. Abascal's motion "relies solely on the hypothetical risk posed by COVID-19." *Id.* He fails to include any information or evidence regarding his own underlying medical conditions or about the facility he is housed in, nor does he assert that his facility has experienced "a substantial outbreak of COVID-19." *See id.* Similarly, his remaining reasons are insufficient to warrant compassionate release. The Court congratulates Mr. Abascal on his exemplary record and encourages him to continue to take steps that will improve his chances of success upon his release.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Assignment of Counsel (Doc. 50) is **DENIED**, and to the extent that Mr. Abascal requests compassionate release under 18 U.S.C. §3582(c), his request is **DENIED WITHOUT PREJUDICE**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE