IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Respondent,

v.                                                  No. 2:13-cr-2424-RB

AGUSTIN ABASCAL,

       Defendant-Movant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Mr. Abascal's Motion for Reconsideration of this Court's Memorandum Opinion and Order Denying his previous Motion for Assignment of Counsel Under 18 U.S.C. 3006(A) for Assistance in Filing for Compassionate Release Based on Extraordinary and Compelling Grounds, as Allowed Under 18 U.S.C. §3582(c) and the First Step Act of 2018. (Doc. 52.) Mr. Abascal again asks the Court to grant him a "compassionate release" from his prison sentence due to the risk of the COVID-19 pandemic. (*See id.*) Having carefully reviewed the record and applicable law, the Court will deny the motion.

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citations omitted). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted). "A motion to reconsider should not be used to revisit issues already

addressed or advance arguments that could have been raised earlier." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012).

Mr. Abascal does not point out "an intervening change in the controlling law," offers no new evidence that was previously unavailable, and makes no argument that there was clear error or manifest injustice. *See id.* (*See also* Doc. 52.) The fact remains that, as explained in its June 17, 2020 Memorandum Opinion and Order (Doc. 51), "no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)." *United States v. Little*, CR No. 14-195 KG, 2020 WL 2736944, at *1 (denying request to appoint counsel in a motion for compassionate release due to the COVID-19 pandemic) (quoting *Untied States v. Olden*, 296 F. App'x 671, 674 (10th Cir. 2008)). Moreover, to the extent that Mr. Abascal moves for compassionate release, neither his original motion nor his motion to reconsider presents a colorable entitlement to such relief. *See id.*

Accordingly, the Court will deny Mr. Abascal's Motion to Reconsider.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 52) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE